Our File No.: (C13992)
**DIFRANCESCO, BATEMAN, COLEY,**
**YOSPIN, KUNZMAN, DAVIS & LEHRER, P.C.**
David P. Wadyka, Esq. (DPW 0179)
15 Mountain Boulevard
Warren, New Jersey 07059-6327
(908)757-7800

Attorneys for plaintiffs Stephens Group, Inc.
and Stephens Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHENS GROUP, INC., STEPHENS INC., and HUNTINGDON LIFE SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> VOICES FOR ANIMALS, STOP HUNTINGDON ANIMAL CRUELTY, a/k/a SHAC, KEVIN MUDRICK, ANIMAL DEFENSE LEAGUE, IN DEFENSE OF ANIMALS, ANIMAL LIBERATION FRONT, DARIUS FULLMER, JOSEPH WILLIAM BATEMAN, MICHAEL DURSCHMID, KEVIN KJONAS (a/k/a KEVIN JONAS) and JOHN DOES NOS.1 THROUGH 5, <br><br> Defendants. | Civil Action No. <br> 00:5518 (JEI)(RBK) <br><br> Hon. Joseph E. Irenas, U.S.D.J. |

## STIPULATED PERMANENT INJUNCTION AND ORDER

**WHEREAS** this Court has jurisdiction over plaintiffs' claims under 18 U.S.C. §1964, and one plaintiffs' state law claims pursuant to 28 U.S.C. §§1338(b) and 1367;

**WHEREAS** this action was commenced in December 2000;

**WHEREAS** on or about August 1, 2001, plaintiffs Stephens Group, Inc., Stephens Inc., and Huntingdon Life Sciences filed the Second Amended and Supplemental Complaint asserting claims under 18 U.S.C. §§ 1961 and 1962 and related state law claims against defendants Voices for Animals, Stop Huntingdon Animal Cruelty a/k/a SHAC, Animal Defense League, In Defense of Animals, Animal Liberation Front, Kevin Mudrick, Darius Fullmer, Joseph William Bateman, Michael Durschmid, Kevin Kjonas and John Does Nos. 1 through 5;

**WHEREAS** on or about August 9, 2001, service of the Second Amended and Supplemental Complaint was properly effected upon defendant Michael Durschmid;

**WHEREAS** defendant Michael Durschmid having failed to answer the Second Amended and Supplemental Complaint, an Order of Default Judgment and Permanent Junction was entered by the Court on January 26, 2002;

**WHEREAS** defendant Michael Durschmid has filed an application with the Court to vacate or modify the January 26, 2002 Order of Default Judgment and Permanent Injunction;

**WHEREAS** by their respective counsel plaintiffs Stephens Group, Inc. and Stephens, Inc. ("Plaintiffs") and defendant Michael Durschmid have conferred, have confirmed with the Court, and have agreed to enter into this Stipulated Permanent Injunction and Order ("Order").

**UPON THE FOREGOING RECITALS** and the consent of Plaintiffs and defendant Michael Durschmid, **IT IS HEREBY ORDERED THAT**:

1. The January 26, 2002 Order of Default Judgment and Permanent Injunction shall be vacated upon the filing of this Order.

2. Defendant Michael Durschmid's application to vacate or modify the January 26, 2002 Order of Default Judgment and Permanent Injunction shall be withdrawn upon the filing of this Order.

3. Effective as of the execution of hereof, defendant Michael Durschmid is permanently enjoined from:

- (a) committing or threatening physical damage or violence or conspiring with others to commit or threaten physical damage or violence against the person or property of (i) Plaintiffs and their officers, directors, and employees; and (ii) any family member of the officers, directors and employees of Plaintiffs (collectively, the "Protected Parties");
- (b) engaging, directly or indirectly, in the theft of property owned, leased or in the possession of any Protected Party;
- (c) intentionally blockading, "jamming", or interfering with the operation and/or use of any Internet website, mail service, electronic mail, facsimile line, or telephone line owned, operated or utilized by any Protected Party;
- (d) sending, urging or recommending to be sent, sexually explicit or pornographic electronic mail messages, materials, or merchandise of any kind to any Protected Party; or
- (e) ordering unauthorized or unwanted subscriptions and/or merchandise in the name of any Protected Party.

4. Defendant Michael Durschmid shall not disseminate, publish, or by any means provide access to any materials which:

- (a) contain messages threatening physical damage or violence directed at any Protected Party: or
- (b) urging or recommending others to engage in any threats of physical damage or violence, acts of physical damage or violence against Protected Parties, or any other conduct enjoined herein; and
- (c) Defendant Michael Durschmid shall remove any such materials and links to such materials from any Internet website sponsored, operated, or maintained by it within ten (10) days of the execution by it of this Order.

5. Defendant Michael Durschmid shall not disseminate, publish, or by any

means provide access to any photographs which he falsely represents or implies were taken at, or emanates from, any facility of Plaintiffs.

6. This Order may be enforced by a motion for criminal and/or civil contempt in this District. Only Plaintiffs shall be entitled to file such a motion.

7. If at any future time Plaintiffs believe that the defendant Michael Durschmid has breached this Order, they shall promptly notify counsel for defendant Michael Durschmid. Defendant Michael Durschmid will have three (3) business days after notification to his counsel to rectify the alleged breach before Plaintiffs any file any action related to the alleged breach.

8. Each person found in violation of this Order, in addition to any civil or criminal contempt penalties assessed, shall be liable for actual damages incurred by Plaintiffs, and any officer, director, employee, or family member of any officer, director or employee of Plaintiffs, with respect to which a violation occurs or by any person who is injured by such a violation.

9. The terms of this Order may be amended or modified by written agreement of the parties and approval by the Court.

10. The foregoing shall not extinguish, or otherwise limit, any rights or defenses of the parties with respect to matters not expressly addressed herein.

11. This court shall retain jurisdiction of this action for the purposes of assuring compliance with the terms and conditions of this Order, and of entering such further and additional Orders as may be required.

12. Neither the execution nor the negotiation of this Order by defendant Michael Durschmid or his counsel shall be considered admissions of wrongdoing or liability by

defendant Michael Durschmid, and no past or present wrongdoing or liability on the part of the defendant Michael Durschmid shall be implied by such negotiation or the execution of this Order.

13. Each party shall bear all attorney's fees and other costs and expenses incurred by it in connection with this Order and all related matters.

Dated:

_____
Joseph E. Irenas, U.S.D.J.